IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,639






EX PARTE EXZAVIER LAMONT STEVENSON








ON APPLICATION FOR WRIT OF HABEAS CORPUS IN CAUSE


NO. 836855-B IN THE 183
RD DISTRICT COURT


HARRIS COUNTY





 Per Curiam. 



O P I N I O N



 This is an application for writ of habeas corpus filed pursuant to the provisions of
Texas Code of Criminal Procedure article 11.071.

 In September 2000, a jury convicted applicant of the offense of capital murder. The
jury answered the special issues submitted pursuant to Code of Criminal Procedure article
37.071, and the trial court, accordingly, set punishment at death. This Court affirmed the
judgment and sentence. Stevenson v. State, 73 S.W.3d 914 (Tex. Crim. App. 2002).

 Applicant presented two allegations in his application. In his first claim, applicant
asserted that, because he is mentally retarded, his execution would violate the United States
Supreme Court's opinion in Atkins v. Virginia, 536 U.S. 304 (2002), holding that the Eighth
Amendment prohibits the execution of the mentally retarded. In his second claim, applicant
asserted that his mental retardation and mental illness rendered his execution
unconstitutional. By written order dated November 5, 2003, this Court dismissed applicant's
second claim and remanded his first claim to the trial court for consideration.

 On remand, after conducting their respective investigations, applicant and the State
agreed that applicant is mentally retarded. The trial court found the State's expert to be
credible and adopted the joint findings of fact and conclusions of law proposed by the parties. 
The trial court concluded that applicant had met his burden on habeas and relief should be
granted. This Court has reviewed the record. We adopt the trial judge's findings and
conclusions, except finding number 35, which we reject. See Ex parte Lewis, S.W.3d 
 , No. WP-38,355-03 (Tex. Crim. App. Dec. 6, 2006)(per curiam order and concurring
statement by Cochran, J.). 

 Relief is granted. Applicant's sentence is reformed from death to life imprisonment.

Delivered March 21, 2007

Do Not Publish